| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:18-CR-37 |
| | § | |
| MELINDA KAY RUTLEDGE | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Melinda Kay Rutledge's ("Rutledge") *pro se* Motion for Leave to Appeal *In Forma Pauperis* (#111), wherein she seeks leave to proceed *in forma pauperis* ("IFP") on her appeal of the court's Memorandum and Order denying her request for compassionate release (#103). Having considered the pending motion, the record, and applicable law, the court is of the opinion that the motion should be denied.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. *See* 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed IFP, a party must submit an affidavit that includes a statement of all assets she possess demonstrating her inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of her trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if she is economically eligible and presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562,

586 (5th Cir. 1982); *accord United States v. Rutherford*, 831 F. App'x 713, 714 (5th Cir. 2020). An issue is not frivolous if it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *accord United States v. Castillo-Chavez*, 828 F. App'x 207, 207 (5th Cir. 2020).

As an initial matter, Rutledge has yet to comply with the requirements of 28 U.S.C. § 1915(a)(2) because she failed to submit a certified copy of her trust fund account or an institutional equivalent for the 6-month period.[1] Regardless, Rutledge untimely filed her notice of appeal on July 10, 2023 — a month after the June 9, 2023, deadline. *See* FED. R. APP. P. 4(b)(1).[2] Moreover, Rutledge does not present any nonfrivolous issues for appeal. Accordingly, Rutledge's *pro se* Motion for Leave to Appeal *In Forma Pauperis* (#111) is DENIED.

SIGNED at Beaumont, Texas, this 13th day of October, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] The court has given Rutledge two opportunities to file a certified income trust statement for the preceding six month period. In her latest motion for leave to proceed *in forma pauperis* on appeal, Rutledge states, "I have 12 mth trust account + we do not have any account certificate in our law library." Rutledge misunderstands the requirement. The income trust statement must be certified by a BOP official.

[2] Rutledge filed her Motion for Leave to Appeal IFP on July 31, 2023 (#105).